**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 22, 2009

No. 08-50860
Summary Calendar

Charles R. Fulbruge III
Clerk

AT&T, INC., as Fiduciary of the SBC Medical and Group Life Insurance Plan-Customcare

Plaintiff-Appellee

v.

JAKE FLORES; MIDANI, HINKLE & COLE

Defendants-Appellants

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:07-CV-343

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellants Jake Flores and his attorneys Midani, Hinkle & Cole ("Appellants") appeal the district court's grant of summary judgment to Plaintiff-Appellee AT&T, Inc. ("AT&T"), as fiduciary of the SBC Medical and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Group Life Insurance Plan ("the Plan"). We AFFIRM the district court's grant of summary judgment, and DENY the Plan's motion to strike new evidence offered by Flores on appeal.

Flores, a participant in the Plan, was injured in an automobile accident and received $315,512.62 worth of medical coverage from the Plan. Flores later settled with a third-party for $850,000 for claims arising out of the accident. The money is held in the trust account of his attorneys, Midani, Hinkle and Cole. Pursuant to a provision of the Plan that required reimbursement for medical benefits paid,[1] AT&T sought reimbursement from Flores from funds from the settlement. Flores refused and AT&T filed suit in district court, pursuant to 29 U.S.C. § 1132(a)(3), which authorizes civil suits to obtain "appropriate equitable relief" to enforce an ERISA plan's terms. AT&T sought specific relief in the form of: (1) the imposition of a constructive trust and equitable lien; (2) a declaration that the Plan was the true owner of the settlement funds up to the amount it paid; and (3) an order directing Flores and his attorneys to turn over the disputed funds.

AT&T filed for summary judgment, and no response was filed by Appellants. The district court granted summary judgment to AT&T. Appellants filed for a Motion for a New Trial, in which they raised new arguments; the district court treated the motion as a Motion for Reconsideration and denied it.

This Court reviews the grant of summary judgment in an ERISA case *de novo*, applying the same standards used by the district court. *Wade v.*

---

[1] The Summary Plan Description provides:

SUBROGATION/RIGHT OF REIMBURSEMENT (THE PLAN'S RIGHT TO RECOVER PAYMENT FROM A THIRD PARTY IF YOU ARE INJURED OR DISABLED):
If you are injured or disabled as a result of negligent or wrongful act or omission of a third party, the Plan will pay benefits, but reserves the right to recover those payments from the person who injured you or his or her insurance company. . . The plan shall have a lien on any amounts recovered from any other source to the extent permitted by applicable law. The amount of money to be subrogated shall not be reduced by any legal fees or costs.

*Hewlett-Packard Development Co. LP Short Term Disability Plan*, 493 F.3d 533, 537 (5th Cir. 2007). Summary judgment is proper when pleadings, depositions, discovery answers, and affidavits reveal no genuine issue of material fact and show the movant is entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).

The issues addressed by the district court were whether AT&T's request for (1) a constructive trust and (2) an equitable lien are justified in law; and (3) whether AT&T's basis for its claim is equitable.

*1.    Constructive trust*

In *Bombardier Aerospace Employee Welfare Benefits Plan v. Ferrer, Poirot and Wansbrough*, 354 F.3d 348 (5th Cir. 2003), an ERISA plan brought suit against a plan participant and law firm to obtain a constructive trust over settlement funds, for the purposes of reimbursement of medical benefits. In that case, we established that a constructive trust was "appropriate equitable relief" properly sought under 29 U.S.C. § 1132(a)(3).[2] The *Bombardier* court set out a three-part test to determine whether a claim qualified as relief pursuant to § 1132(a)(3), asking: does the Plan seek to recover funds (1) that are specifically identifiable, (2) that belong in good conscience to the Plan, and (3) that are within the possession and control of the defendant beneficiary? *Id.* at 356. Here, as in *Bombardier*, the funds are specifically identifiable, due to the settlement; belong in good conscience to the Plan (due to the unambiguous subrogation provision); and are within the possession and control of the defendant beneficiary, as they are being held in trust by Flores's attorneys. Thus, the

---

[2] §1132(a)(3) holds that a civil action may be brought: "[B]y a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan."

constructive trust remedy was an appropriate one for the district court to grant to Allstate.

## 2.    *Equitable lien*

The Supreme Court considered the use of equitable liens for the purpose of the recovery of benefits paid out by an ERISA plan in *Sereboff v. Mid-Atlantic Medical Services*, 547 U.S. 356 (2006).  Under circumstances very similar to the instant case, the Supreme Court held that an equitable lien placed on "specifically identifiable" funds that were "in the possession of [the plaintiffs]" was an "appropriate equitable remedy" under § 1132(a)(3).  *Sereboff*, 547 U.S. at 362.  As previously discussed, the funds in this case are specifically identifiable and in possession of the Plaintiff-Appellants; the district court thus did not err in granting an equitable lien to the Plan.

## 3.    *Equity of enforcement and the "made-whole" doctrine*

Though constructive trusts and equitable liens are appropriate remedies § 1132(a)(3),  AT&T must still establish that the basis for its claim is equitable. *Sereboff*, 547 U.S. at 363.  Flores argues that it would be inequitable to enforce the contract in this case, which is "harsh, unconscionable, [and] unfair."  Flores additionally invokes the "made whole" doctrine, which holds that subrogation/reimbursement provisions in insurance contracts should not be enforced until the insured is first made whole, i.e. recovered all compensatory damages to which he is entitled.

The subrogation provision of the plan at issue clearly provides that the Plan is entitled to reimbursement out of payments made by an injuring party, and similar provisions have been enforced by the this Court.  In *Sunbeam-Oster Company, Inc. v. Whitehurst*, 102 F.3d 1368, 1376 (5th Cir. 1996), which was relied on by the district court, we rejected the "made whole" doctrine where it

was not expressly included in the language of the plan, and held that a clear and unambiguous subrogation/reimbursement provision entitled the Plan to the full amount of medical benefits paid on the insured's behalf. We follow *Sunbeam-Oster* and find that the subrogation/reimbursement provision in this case is equitable and not subject to the "made whole" doctrine.

4. *Motion to strike new evidence*

AT&T argues that Flores introduces evidence into the record on appeal that was not presented before the district court, and urges that the Court strike the proffered evidence. Much of what AT&T argues constitutes "new evidence" are actually just arguments (including conclusory assertions) made by Flores in his brief; Flores does not offer any actual evidence into the record on appeal. Thus, we DENY the motion to strike new evidence.

For the foregoing reasons, we DENY the motion to strike new evidence, and AFFIRM the district court's grant of summary judgment.